

# Notice of Service of Process

null / ALL
Transmittal Number: 19606064
Date Processed: 04/04/2019

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02116 |
| **Entity:** | Liberty Insurance Corporation<br>Entity ID Number  2538339 |
| **Entity Served:** | Liberty Insurance Corporation |
| **Title of Action:** | Josephine Perez vs. Liberty Insurance Corporation |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 2019-22421 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 04/04/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Robert C. Lane<br>713-595-8200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT
A

CAUSE NO. 201922421

| | |
|---|---|
| RECEIPT NO. ********* | 0.00 CIV<br>TR # 73608250 |
| PLAINTIFF: PEREZ, JOSEPHINE<br>vs.<br>DEFENDANT: LIBERTY INSURANCE CORPORATION | In The 113th<br>Judicial District Court<br>of Harris County, Texas<br>113TH DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: LIBERTY INSURANCE CORPORATION BY SERVING THROUGH ITS REGISTERED
AGENT CORPORATION SERVICE COMPANY
211 EAST 7TH STREET SUITE 620 AUSTIN TX 78701 - 3218
Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>28th day of March, 2019</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This citation was issued on 28th day of March, 2019, under my hand and seal of said Court.

<u>Issued at request of</u>:
LANE, ROBERT CHAMLESS
6200 SAVOY DRIVE SUITE 1150
HOUSTON, TX 77036
Tel: (713) 595-8200
Bar No.: 24046263

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: CUERO, NELSON 7MM//11194593

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 12:56 o'clock P .M., on the 03 day of April , 2019.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____ of _____ County, Texas

By _____
  Deputy

_____
   Affiant

Case 4:19-cv-01619 Document 1-1 Filed on 05/02/19 in TXSD Page 3 of 13

3/28/2019 2:20 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32321935
By: Nelson Cuero
Filed: 3/28/2019 2:20 PM

**2019-22421 / Court: 113**

CAUSE NO. _____

| | | |
|---|---|---|
| JOSEPHINE PEREZ AND JIM PEREZ, | § § | IN THE DISTRICT COURT OF |
| *Plaintiffs*, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| LIBERTY INSURANCE CORPORATION | § § § | |
| *Defendant.* | § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiffs Josephine Perez and Jim Perez (hereinafter "Plaintiffs"), by and through the undersigned counsel, files this *Plaintiffs' Original Petition*, complaining of Liberty Insurance Corporation (hereinafter "Defendant" or "Liberty"), and would respectfully show this Honorable Court the following:

### I.
### DISCOVERY PLAN

1. Plaintiffs intend discovery to be conducted under Level 1 of the Texas Rules of Civil Procedure, Rule 190.2.

### II.
### PARTIES

2. Plaintiffs are individuals that own real property in Harris County, Texas.

3. Defendant is an insurance company engaged in the business of insurance in the State of Texas. This Defendant may be served with process through its Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218. Service is hereby requested.

4. If Personal service cannot be perfected upon Defendant's registered agents, service via certified mail with return receipt is requested.

## III.
## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action because Plaintiffs seek damages within the jurisdictional limits of this Court and because the causes of action asserted herein are not subject to exclusive jurisdiction in another court.

6. This Court has jurisdiction over Defendant because it engages in the business of insurance in Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in Texas.

7. Venue is proper under Texas Civil Practice and Remedies Code § 15.001 *et. seq.* because a substantial part of the events and omissions giving rise to the claims asserted herein occurred in Harris County, Texas. Furthermore, venue is proper in Harris, County, Texas under Texas Civil Practice and Remedies Code § 15.032 because the insured property is located in this county.

## IV.
## FACTUAL BACKGROUND

8. Plaintiffs purchased a Homeowner's Insurance Policy (hereinafter referred to as "the Policy") issued by Defendant.

9. During the effective policy period, Plaintiffs owned real property with improvements located at 5022 Shady Gardens Dr., Kingwood, TX 77339-1274, located in Harris County (hereinafter referred to as "the Property").

10. Defendant sold and issued Plaintiffs the Policy insuring the Property against damages caused by hail, windstorm and other covered perils.

11. During the effective policy period, the Property described above sustained severe damages to the roof due to the direct force of wind. As a result, the inside of the Property sustained resulting water damage from storm created openings in the roof.

12. Plaintiffs duly notified Defendant of the damage sustained and asked that Defendant pay for damages to the Property and other damages covered by the terms of the Policy.

13. Defendant then assigned Plaintiffs Claim No. 036107609-01 (hereinafter "the Claim").

14. After its investigation, Defendant ultimately acknowledged coverage for damage from a covered loss event but grossly underpaid the loss, despite the existence of obvious and easily identifiable damages for which Defendant's liability for the extension of further coverage was reasonably clear.

15. As set forth below, Defendant failed to comply with the Policy, the Texas Insurance Code, and Texas law in handling Plaintiffs' Claim by:

   a) Wrongfully denying Plaintiffs' Claim for full repairs to the Property even though the Policy provides coverage for losses such as those Plaintiffs are claiming;

   b) Underpaying some of Plaintiffs' Claim by not providing full coverage for damages sustained to the Property;

   c) Improperly and inadequately scoping the damages to the Property during Defendant's investigation; and

   d) Continuing to delay in the payment of damages to the Property, including the roof and interior.

16. Moreover, Defendant breached its contractual obligation to Plaintiffs by continuing to refuse to adequately compensate Plaintiffs for the damage to the Property pursuant to the terms of the Policy. Notably, Defendant refused to pay for the proceeds of the Policy

despite the fact pre-suit demand for payment in an amount sufficient to cover the damage to the Property was made.

17. Plaintiffs complied with all obligations under the Policy, and all conditions precedent to recovery upon the Policy are satisfied.

18. Defendant continues to delay in the payment of the damage to the Property despite Plaintiffs' requests. Accordingly, Plaintiffs have still not been paid in full for the damages to the Property.

19. As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain legal counsel to represent Plaintiffs with respect to these causes of action.

## V.
## CAUSES OF ACTION

### BREACH OF CONTRACT

20. Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

21. Although Plaintiffs fully cooperated with Defendant, and despite the fact that all conditions precedent to recovery have been performed, waived, excused, or otherwise satisfied, Defendant has failed and refused to pay to Plaintiffs the benefits due under the Policy/contract of insurance in question, which was in full force and effect at the time of the occurrence which forms the basis of this lawsuit.

22. Plaintiffs were forced by the actions of Defendant to retain the services of undersigned counsel and have agreed to pay undersigned counsel reasonable attorney's fees.

23. Defendant's breach proximately caused Plaintiffs' injuries and damages.

### UNFAIR SETTLEMENT PRACTICES

24. Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

25. Defendant violated TEX. INS. CODE § 541.060(a) by engaging in unfair settlement practices during the handling of the claim. All of Defendant's violations are actionable pursuant to TEX. INS. CODE § 541.151.

26. Defendant engaged in the following unfair settlement practices:

    a) Pursuant to TEX. INS. CODE § 541.060(a)(1), misrepresenting to Plaintiffs material facts or Policy provisions relating to the coverage at issue by misrepresenting the true scope and amount of the claim at issue despite the existence of obvious and easily identifiable property conditions warranting the extension of further coverage under the policy.

    b) Pursuant to TEX. INS. CODE § 541.060(a)(2)(A), failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendant's liability under the Policy was reasonably clear. Specifically, Defendant failed to make an attempt to settle the Claim fairly despite the fact that Defendant was aware of its liability to Plaintiffs under the Policy.

    c) Pursuant to TEX. INS. CODE § 541.060(a)(3), failing to promptly provide Plaintiffs with a *reasonable* explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendant's denial of the claim or offer of a compromise settlement of the Claim. Specifically, Defendant failed to offer Plaintiffs adequate compensation for damages to the Property without *reasonable* explanation as to why full payment was not being made.

    d) Pursuant to TEX. INS. CODE § 541.060(a)(7), refusing to pay Plaintiffs' Claim without conducting a *reasonable* investigation with respect to the Claim. Defendant's outcome-oriented investigation of the Claim resulted in an unfair evaluation of the damage to Plaintiffs' Property.

27. Each of the foregoing unfair settlement practices was committed with knowledge by Defendant and was a producing cause of Plaintiffs' injuries and damages.

## **MISREPRESENTATION OF INSURANCE POLICY VIOLATIONS**

28. Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

29. Additionally, Defendant made misrepresentations about Plaintiffs' insurance policy and claim in violation of TEX. INS. CODE § 541.061. All of Defendant's violations are actionable pursuant to TEX. INS. CODE § 541.151.

30. Defendant engaged in deceptive insurance practices by:

    a) Making an untrue statement of material fact in violation of § 541.061(1). Specifically, Defendant misrepresented the true scope and amount of the claim despite the existence of obvious and easily identifiable property conditions warranting the extension of further coverage under the policy.

    b) failing to state a material fact necessary to make other statements made not misleading in violation of § 541.061(2).

    c) Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of material fact in violation of § 541.061(3).

    d) Making a material misstatement of law in violation of § 541.061(4). Specifically, Defendant indicated that under Texas Supreme Court precedent, the appraisers could not consider questions of causation, when in fact the Court held the direct opposite in *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 895 (Tex. 2009)].

31. Each of the foregoing unfair settlement practices was committed with knowledge by Defendant and was a producing cause of Plaintiffs' injuries and damages.

## **PROMPT PAYMENT OF CLAIMS VIOLATIONS**

32. Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

33. Plaintiffs gave Defendant proper notice of claim under the insurance Policy issued by Defendant. As set forth more fully below, Defendant's conduct constitutes a violation of the Texas Prompt Payment of Claims Statute, which is made actionable by TEX. INS. CODE § 542.060.

34. Specifically, Defendant violated the Prompt Payment of Claims provisions of TEX. INS. CODE § 542 by:

   a) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE § 542.058. Defendant delayed full payment of the Claim and, to date, Plaintiffs have still not received full payment of the amount owed on this Claim.

## **BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/BAD FAITH**

35. Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

36. Since Plaintiffs initially presented the Claim to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. The damage to Plaintiffs' home was not apparent until after the loss made the basis of Plaintiffs' insurance claim. It is no coincidence that there was no apparent storm damage prior to

the loss, and significant damage just after. The wind damage to the property was at all times reasonably clear during Defendant's claim investigation, such that any adjuster or insurance carrier acting in good faith would know or should have known to acknowledge and accept coverage for such damages. Instead, Defendant purposely failed to acknowledge and accept full coverage for reasonably clear wind damage. Alternatively, Defendant was grossly negligent in failing to acknowledge and accept full coverage for the reasonably clear wind damages to the property.

37. As a result of Defendant's outcome-oriented investigation, Defendant continues to refuse to pay Plaintiffs in full for the Claim.

38. Defendant denied coverage and delayed payment for the full amount of Plaintiffs' claim when it had no reasonable basis for doing so. Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, and its failure, as set forth above, to adequately and reasonably investigate and evaluate Plaintiffs' Claim, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## KNOWLEDGE

39. Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

40. Each of the acts as set forth in each of the afore-mentioned causes of action, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

## VII.
## DAMAGES

41. Plaintiffs would show that all of the aforementioned acts, taken together or independently, establish the producing causes of the damages sustained by Plaintiffs.

42. Plaintiffs' damages have yet to be fully addressed or repaired since the incident, causing further damage to the Property and causing undue burden to Plaintiffs. Upon trial of this case, it will be shown that these damages are a direct result of Defendant's improper handling of the Claim in violation of the laws set forth above.

43. For the breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the Claim, together with attorney's fees.

44. As a result of the noncompliance with the Texas Insurance Code Unfair Settlement Practices provisions, Plaintiffs are entitled to actual damages, which includes the loss of the contractual benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For Defendants' knowing conduct in violating these laws, Plaintiffs respectfully request treble damages pursuant to TEX. INS. CODE § 541.152.

45. Pursuant to TEX. INS. CODE § 542.060, as a result of the noncompliance with the Texas Insurance Code Prompt Payment of Claims provisions, Plaintiffs are entitled to the entire amount of the Claim, eighteen (18) percent interest per annum on the amount of the Claim and reasonable and necessary attorney's fees.

46. For the breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach, exemplary damages, and damages for emotional distress.

47. For the fraud committed, Plaintiffs are entitled to recover actual damages and exemplary damages for knowing, fraudulent misrepresentations, together with attorneys' fees, interest, and court costs.

48. As a result of the necessity in engaging the services of an attorney to prosecute this claim, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

49. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs are seeking

    a) only monetary relief of $75,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## VIII.
## JURY DEMAND

50. Plaintiffs hereby request that all causes of action alleged herein be tried before a jury, and hereby tender the appropriate jury fee.

## IX.
## WRITTEN DISCOVERY

51. Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant disclose the information or material described in Rule 194.2.

52. Attached to this petition are Plaintiffs' Requests for Production and Plaintiffs' Interrogatories.

## X.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray that upon trial hereof, final judgment be rendered for Plaintiffs as follows:

1) Judgment against Defendant for actual damages, including mental anguish, in an amount to be determined by the jury;

2) Statutory penalties;

3) Treble damages;

4) Exemplary and punitive damages;

5) Prejudgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of this suit; and

9) Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**THE LANE LAW FIRM, PLLC**

By: */s/ Robert C. Lane*
Robert C. Lane
State Bar No. 24046263
Jack Kitchen
State Bar No. 24084320
notifications@lanelaw.com
6200 Savoy Drive, Suite 1150
Houston, Texas 77036
(713) 595-8200 – Telephone
(713) 595-8201 – Fax
**ATTORNEYS FOR PLAINTIFFS**