Case 4:19-cv-01619   Document 1-2   Filed on 05/02/19 in TXSD   Page 1 of 15

4/26/2019 11:29 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33097128
By: Iris Collins
Filed: 4/26/2019 11:29 AM

NO. 2019-22421

| | | |
|---|---|---|
| JOSEPHINE PEREZ AND JIM PEREZ | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| LIBERTY INSURANCE | § | |
| CORPORATION | § | 113th JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Liberty Insurance Corporation (hereinafter referred to as "Defendant"), and files this Answer to Plaintiffs' Original Petition, and would respectfully show the Court as follows:

### GENERAL DENIAL

**1.**

Pursuant to Rule 92, Texas Rules of Civil Procedure, Defendant generally denies, each and every, all and singular, the allegations set forth in Plaintiff's Original Petition and demands strict proof thereof.

### SPECIFIC DENIALS

**2.**

Defendant further specifically denies Plaintiffs' allegations of breach of contract, statutory and/or common law bad faith, statutory insurance code violations, breach of the duty of good faith and fair dealing, and all other causes of action alleged herein.

**3.**

By way of further Answer, Defendant specifically denies that all conditions precedent to Plaintiffs' claims and causes of action have occurred in the following respects:

**EXHIBIT B**

(a)     Plaintiffs have not given Defendant notice in writing in the form and manner required by the Texas Insurance Code, Section 541.154;

(b)     Plaintiffs have not complied with their duties after loss as required by the Texas Insurance Policy on which they base their claims;

(c)     Plaintiffs have not made the repairs and/or replaced the allegedly damaged insured property so as to entitle them to compensation for replacement cost value as required by the Texas Insurance Policy on which they base their claims; and

(e) Plaintiffs have not given Defendant notice in writing in the form and manner required by Texas Insurance Code, Section 542A.

**4.**

Defendant specifically denies that Plaintiffs are owed any additional amounts under the policy for alleged losses for the property damages asserted which form the basis of Plaintiffs' claims and causes of action herein.

**5.**

Defendant specifically denies that appropriate pre-suit notice was given, in accordance with Texas law, and deny Plaintiffs' rights to recover attorneys' fees, expenses, and costs in this action. Specifically, notice was not provided in compliance with Texas Insurance Code, Section 542A. In the alternative, Defendant would show that Plaintiffs' presentment of this claim constitutes an excessive and unreasonable demand and, therefore, Plaintiffs are precluded from a recovery of attorneys' fees and expenses.

**6.**

Defendant specifically denies that it committed any wrongful acts or that they acted "knowingly" or "intentionally" as those terms are defined by Section 17.50(b)(1) of the Texas Deceptive Trade Practices Act or Section 541 of the Texas Insurance Code.

**7.**

Defendant also denies that it has waived or is estopped from asserting any defenses, in tort or in contract.

**8.**

Defendant specifically denies that it failed to issue an explanation of benefits letter, an estimate of damages, or that it otherwise failed to provide Plaintiffs a full explanation of the results of the claims process.

**AFFIRMATIVE DEFENSES**

**9.**

Defendant further specifically asserts that the subject policy only affords Plaintiffs the replacement cost value of covered damages to the dwelling after the damaged or destroyed property has actually been repaired or replaced. In that Plaintiffs have not replaced or repaired the allegedly damaged property, they are only entitled to the actual cash value of the loss as provided for by the Texas Insurance Policy under which they bring suit.

**10.**

Defendant would show as an affirmative defense to Plaintiffs' claims that certain property damage asserted by Plaintiffs to be compensable under the insurance policy comes in fact from a risk or cause coming within a particular exception to the general liability under the policy. Defendant would show that Plaintiffs' loss, in whole or in part comes from a risk or

cause excepted by the policy.  Defendants would show that Plaintiffs' loss, if any, in whole or in part did not come from a covered peril.  Defendant would further show that such causes or events as alleged to have caused Plaintiffs' damages contributed concurrently or in any sequence to the alleged loss so as to be a concurrent cause excluded by the Texas Insurance Policy on which they base their claims and causes of action.

**11.**

Pleading further, Defendant would show that Plaintiffs have failed to mitigate their damages in that they failed to protect the property from further damage and/or to make reasonable and necessary repairs to protect the property.

**12.**

With regard to all of the Plaintiffs' extra-contractual claims, Defendant asserts a bona fide coverage dispute.

**13.**

Pleading further, Defendant would show that no act or omission of Defendant was the proximate cause of any injury to Plaintiffs.

**14.**

Defendant asserts the affirmative defense of excessive demand with respect to Plaintiffs' claim for attorneys' fees.

**15.**

Defendant additionally pleads the common law Doctrine of Concurrent Causation as relates to covered versus non-covered perils, with respect to the proximate cause of the damages alleged to Plaintiffs' property and/or contents, which give rise to the subject matter of this lawsuit.

**16.**

Pleading further, Defendant would show the Court that, to the extent that any particular covered damage items were omitted from original assessment or payment, the cause for same results from the Plaintiff's material breach of the subject insurance policy, failure to comply with conditions precedent, and/or Plaintiffs' contributory negligence in failing to timely, fully and/or properly identify and report such item or items of damage to Defendant or to Defendant's agents. Defendant contends that the Plaintiffs had a duty to do so and failed to fulfill that duty, thus causing and/or contributing to cause the damages now claimed by them in this case. Defendant also plead the affirmative defenses of estoppel and waiver relative to any theory of recovery alleged by Plaintiffs on the basis that an item of loss was not addressed, not investigated, and/or omitted from adjustment by Defendant.

**17.**

Defendant also pleads the affirmative defenses of estoppel and waiver relative to any theory of recovery alleged by Plaintiffs on the basis that an item of loss was not addressed, not investigated, and/or omitted from adjustment by Defendant.

**18.**

While continuing to deny that Plaintiffs' injuries and damages, if any, were proximately caused by Defendant, pursuant to Chapter 33, Texas Civil Practice & Remedies Code, Defendant requests a determination of whether the purported injuries and damages to Plaintiffs were proximately caused or produced by the conduct of Plaintiffs and/or other persons or parties, and, if so, the percentage of such causation attributable to the Plaintiffs, other persons or parties found to have been a cause of any of the Plaintiffs' purported injuries, losses or damages, and to

reduce and/or apportion the judgment, if any, by the degree of such causation attributed to the Plaintiffs, other persons or parties.

**19.**

Plaintiffs' injuries, losses, and damages, if any, were the result, in whole or in part, of pre-existing or subsequent conditions, and were not the result of any act or omission on the part of answering Defendant.

**20.**

Pleading further, Defendant denies any liability to Plaintiffs for alleged extra-contractual damages. Defendant further pleads that any award to Plaintiffs of exemplary, additional, treble or punitive damage or penalties is limited as prescribed by Chapter 41, Texas Civil Practice & Remedies Code, and Texas Insurance Code sections 541.152 and 542.060.

**21.**

Defendant hereby asserts the Economic Loss Rule as an affirmative defense to any of Plaintiff's claims sounding in tort.

**NOTICE OF INTENT TO USE DOCUMENTS**

**22.**

Pursuant to Rule 193.7, Texas Rules of Civil Procedure, Defendant gives notice of its intent to use documents produced by any party in response to all discovery propounded throughout the course of this litigation, including any pretrial proceedings and at the time of trial

**23.**
**REQUEST FOR DISCLOSURES**

Pursuant to the Texas Rules of Civil Procedure, Defendant requests that Plaintiffs disclose, within thirty (30) days of service of this request, the information and material described in Texas Rules of Civil Procedure 194.2(a)-(l).

**WHEREFORE, PREMISES CONSIDERED**, Defendant Insurance Corporation prays that upon final hearing of this cause, the Court enter its Judgment that Plaintiffs take nothing by way of their claims and causes of action against Defendant, that all costs of court be assessed against Plaintiffs; and for such other and further relief, at law or in equity, as to which Defendant may show itself to be justly entitled.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

By:    */s/*  J. Mark Kressenberg
      J. Mark Kressenberg
      State Bar No. 11725900
      JKressenberg@sheehyware.com
      Dawn A. Moore
      State Bar No. 24040447
      Dmoore@sheehyware.com
      2500 Two Houston Center
      909 Fannin
      Houston, Texas 77010
      713-951-1000
      713-951-1199 – Facsimile

      **ATTORNEYS FOR THE DEFENDANT**
      **LIBERTY INSURANCE CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-filing in accordance with the Texas Rules of Civil Procedure on this the 26th day of April, 2019 to the following counsel of record:

Robert C. Lane
Jack Kitchen
notifications@lanelaw.com
THE LANE LAW FIRM, PLLC
6200 Savoy Drive, Suite 1150
Houston, Texas 77036
(713) 595-8200
(713) 595-8201 (facsimile)

          /s/ *J. Mark Kressenberg*
          J. Mark Kressenberg

3451151_1.doc

4/26/2019 11:29 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33097128
By: Iris Collins
Filed: 4/26/2019 11:29 AM

NO. 2019-22421

| | | |
|---|---|---|
| JOSEPHINE PEREZ AND JIM PEREZ | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| LIBERTY INSURANCE | § | |
| CORPORATION | § | 113th JUDICIAL DISTRICT |

## DEFENDANT'S SPECIAL EXCEPTIONS TO PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Liberty Insurance Corporation ("Defendant"), and files these Special Exceptions to Plaintiffs' Original Petition.

### SPECIAL EXCEPTIONS

Pursuant to Rule 91, Texas Rules of Civil Procedure, Defendant hereby makes the following Special Exceptions to Plaintiffs' Original Petition, and in support thereof would show the Court as follows:

**1.**

Defendant specially excepts to the Original Petition to the extent it purports to state a claim for breach of the duty of good faith and fair dealing. Under well-established Texas law, in first party insurance claims a breach of the duty of good faith and fair dealing occurs when there is a denial or delay in payment after the party knew or should have known it was reasonably clear the claim was covered. *Texas Mut. Ins. Co. v. Ruttiger*, 265 S.W.3d 651 (Tex.App.—Houston [1st Dist.] 2008, pet. filed), quoting *Universal Life Ins. Co. v. Giles*, 950 S.W.2d 48, 49 (Tex.1997). Defendant specially excepts that the allegations as set forth in paragraphs 35-38 of the Original Petition fails to sufficiently plead the requisite elements of a cause of action for

breach of the duty of good faith and fair dealing.  *See Ross v. Goldstein*, 203 S.W.3d 508, 512 (Tex.App.—Houston [14th Dist.] 2006, no writ).

Furthermore, the pleading fails to state allegations sufficient to meet the requirement that the insurer "knew or should have known it was reasonably clear the claim was covered" in that the pleading fails to identify which particular property damage claims are allegedly known or should have been known by Defendant to be covered.

Defendant further specially excepts to the allegations of paragraphs 35-38 because the allegations fail to state a legally cognizable cause of action against them for breach of the duty of good faith and fair dealing.

Defendant therefore requests the Court to dismiss the claims of bad faith against it or, alternatively, order Plaintiffs to plead sufficient facts as to give it fair notice of the: (1) property damage claim(s) which is alleged to have not been paid or have been delayed in being paid; and (2) the facts and/or circumstances giving rise to the allegation that Defendant knew or should have known it was reasonably clear these claims were covered by the policy, so as to enable Defendant to determine "the testimony probably relevant" to its defense against Plaintiffs' bad faith claim(s), and give it fair notice of the facts giving rise to the claims against it in order to be able to prepare a defense.

**2.**

Defendant specially excepts to paragraphs 26 and 28-31 of the Original Petition to the extent they attempt to plead a common law cause of action for misrepresentation, or a statutory claim for violation of the Texas Unfair Settlement Practices Act on the basis of misrepresentation.  With respect to any common law cause of action, Defendant specially excepts to Plaintiff's allegations in paragraphs 26 and 28-31 that Defendant made unspecified false representations and/or misrepresentations on the basis that the allegations wholly fail to

2

allege any material misrepresentation or plead sufficient facts to give Defendant fair notice of tits acts, which would show it knew any such representation was false. Defendant further specially excepts to paragraphs 26 and 28-31 of the Original Petition in that those allegations fail to give fair notice of how Plaintiffs "justifiably relied" on any such material misrepresentation, or how such misrepresentations as to her were a "producing cause" of Plaintiffs' damages and losses, as required to state a *prima facie* claim for misrepresentation. *See Rencare, Ltd. v. United Medical Resources*, 180 S.W.3d 160, 166 (Tex.App.—San Antonio 2005, no pet.).

With respect to any claimed violation of Insurance Code § 541.060(a)(1), Defendant specially excepts to paragraphs 26 and 28-31 on the basis that the language therein fails to identify the alleged representations of Defendant, or the items of property damage coverage which are supposedly the subject of such representations, thus making it virtually impossible to "ascertain the nature and basic issues of the controversy and the testimony probably relevant" to the defense of Defendant with respect to any misrepresentation claim(s).

Defendant requests the Court order Plaintiffs to plead sufficient facts as to give it fair notice of the representation(s) it is charged with, the specific property damage claims such representations are supposed to have been made about, and the actual damages Plaintiffs claim such representations are alleged to have proximately caused, so as to enable Defendant to determine "the testimony probably relevant" to their defense, and give them fair notice of the facts giving rise to the claims against them. Alternatively, in the event Plaintiffs fail to replead such allegations, Defendant requests the Court strike them from the pleadings.

**3.**

Defendant further specially excepts to the allegations in paragraph 46 of the Petition in so far as it seeks to establish a right to recover exemplary damages. Plaintiffs are not entitled to exemplary damages for a violation of Chapter 541 of the Texas Insurance Code. TEX. CIV.

PRAC. & REM. CODE §41.002(d); *Safeway Managing General Agency v. Cooper*, 952 S.W.2d 861, 869 (Tex.App.—Amarillo 1997, no writ). Defendant also specially excepts to that section of the Petition on the grounds that there have been no actual damages awarded to Plaintiffs for an injury independent of the loss of policy benefits. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 54 (Tex. 1997).

**WHEREFORE, PREMISES CONSIDERED**, Defendant Liberty Insurance Corporation, prays that this Court grant these Special Exceptions to Plaintiff's Original Petition, and for such other and further relief, at law or in equity, as to which Defendant may show itself to be justly entitled.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

By:    */s/* J. Mark Kressenberg
J. Mark Kressenberg
State Bar No. 11725900
JKressenberg@sheehyware.com
Dawn A. Moore
State Bar No. 24040447
Dmoore@sheehyware.com
2500 Two Houston Center
909 Fannin
Houston, Texas  77010
713-951-1000
713-951-1199 – Facsimile

**ATTORNEYS FOR THE DEFENDANT
LIBERTY INSURANCE CORPORATION**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-filing in accordance with the Texas Rules of Civil Procedure on this the 26th day of April, 2019 to the following counsel of record:

Robert C. Lane
Jack Kitchen
notifications@lanelaw.com
THE LANE LAW FIRM, PLLC
6200 Savoy Drive, Suite 1150
Houston, Texas  77036
(713) 595-8200
(713) 595-8201 (facsimile)


                                          /s/   *J. Mark Kressenberg*
                                              J. Mark Kressenberg

3451261_1.doc

Case 4:19-cv-01619   Document 1-2   Filed on 05/02/19 in TXSD   Page 14 of 15

4/26/2019 11:29 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33097128
By: Iris Collins
Filed: 4/26/2019 11:29 AM

NO. 2019-22421

| | | |
|---|---|---|
| JOSEPHINE PEREZ AND JIM PEREZ | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| LIBERTY INSURANCE | § | |
| CORPORATION | § | 113th JUDICIAL DISTRICT |

### DEFENDANT'S JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Liberty Insurance Corporation and files this Jury Demand. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant hereby demands a jury trial in this cause, and has tendered the required fee.

    Respectfully submitted,

    **SHEEHY, WARE & PAPPAS, P.C.**

By:    */s/ J. Mark Kressenberg*
    J. Mark Kressenberg
    State Bar No. 11725900
    jkressenberg@sheehyware.com
    Dawn A. Moore
    State Bar No. 24040447
    dmoore@sheehyware.com
    2500 Two Houston Center
    909 Fannin
    Houston, Texas  77010
    713-951-1000
    713-951-1199 – Facsimile

    **ATTORNEYS FOR DEFENDANT**
    **LIBERTY INSURANCE CORPORATION**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-filing in accordance with the Texas Rules of Civil Procedure on this the 26th day of April, 2019 to the following counsel of record:

 Robert C. Lane
 Jack Kitchen
 notifications@lanelaw.com
 THE LANE LAW FIRM, PLLC
 6200 Savoy Drive, Suite 1150
 Houston, Texas  77036
 (713) 595-8200
 (713) 595-8201 (facsimile)


                */s/ J. Mark Kressenberg*
                J. Mark Kressenberg

3451298_1.docx